### GIRVIN v. GULF REFINING CO. *
(No. 8146.)

(Court of Civil Appeals of Texas. Dallas.
March 29, 1919. Rehearing Denied
May 3, 1919.)

1. JUSTICES OF THE PEACE ☞61—PLEA OF PRIVILEGE—PLEA TO BE TAKEN AS TRUE.

Defendant's plea in justice court of special privilege to be sued in his own county and precinct, under Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), constituted prima facie proof of right to change of venue, and the facts therein alleged must be taken as true, in the absence of a controverting plea specifically setting out facts relied upon to confer venue.

2. JUSTICES OF THE PEACE ☞61—PLEA OF SPECIAL PRIVILEGE — "CONTROVERTING PLEA."

Plaintiff's written request for hearing on a plea of special privilege, asking that the same be set aside, held not a "controverting plea" within the meaning of the statutes, Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and entitled to treatment only as a request to overrule or strike such plea.

3. JUSTICES OF THE PEACE ☞61—PLEA OF PRIVILEGE—TIME FOR HEARING.

Where defendant filed his plea of privilege to be sued in his own county and precinct in the justice court at the September term thereof, plaintiff was not compelled to file a controverting plea until the October term, and the defendant did not waive his right by failing to call

up̀ such plea for hearing before the October term, in view of Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

4. JUSTICES OF THE PEACE ⬅141(5) — APPEAL—APPEARANCE TERM—WAIVER OF PLEA OF PRIVILEGE.

Under Vernon's Sayles' Ann. Civ. St. art. 2396, providing that upon appeal to the county court the justice shall certify and transmit a copy of his docket entries to the county court, and article 2397; relating to time of transmission of transcript and papers, and article 2393, as amended Acts 34th Leg. c. 113 (Vernon's Ann. Civ. St. Supp. 1918, art. 2393), relating to appeal bond and requiring appearance at the "next term of court to which the case has been appealed," where defendant did not appear until the appearance term, he did not waive his plea of privilege.

Appeal from Dallas County Court; W. L. Thornton, Judge.

Suit by the Gulf Refining Company against J. H. Girvin, begun in the justice court. Defendant's plea of privilege to be sued in his own county and precinct was denied as having been waived, and was again denied upon appeal to the county court, and defendant appeals. Reversed and remanded, with instructions.

L. L. Montgomery, of Dallas, and Anderson & Upton, of San Angelo, for appellant.
Seay & Seay, of Dallas, for appellee.

TALBOT, J. We take from appellant's brief, which is admitted by appellee to be correct, the following statement of the nature and result of the suit:

"The Gulf Refining Company instituted this suit in the justice court, precinct No. 1, Dallas county, Tex., on the 15th day of September, 1917, on an open account. And at the time of the institution of the suit the defendant J. H. Girvin resided in Tom Green county, Tex. The citation issued out of justice court commanded the defendant to appear at the next regular term of court, which was on the 8th day of October. The justice court was in session at the time this suit was instituted, having convened on September 10th, and not having disposed of the business until October 6th. And in the meantime, to wit, on the 22d day of September, the defendant, J. H. Girvin, filed his plea of privilege to be sued in the precinct of his residence in Tom Green county, Tex., which was in due form as required by law, and the same remained on file, without any action being taken until October 9th, at which time the plaintiff attempted to file a controverting affidavit, which was set down for hearing on November 2d, and on said hearing the defendant's plea of privilege was overruled for the reason that defendant had not presented same prior to October 8th. The cause was appealed to the county court of Dallas county at law, No. 2. The county court convened on the 14th day of January, 1918, and adjourned on the 9th day of March, 1918. The transcript from the justice court was filed in the county court on the 17th day of January, and no pleadings by either party were filed in the county court, and no action was taken until the 12th day of March, when the defendant's plea of privilege was again overruled, for the reason that he had waived same in the justice court by not presenting same prior to the 8th day of October, and for the further reason that he had waived same by not presenting it in the county court during the term at which the transcript was filed in the county court, the transcript having been filed on the seventeenth day of the January term of said court. After said plea of privilege had been acted upon and overruled, both parties announced ready for trial, and judgment was then and there rendered for the plaintiff for $184.65."

From said judgment and said order overruling defendant's plea of privilege, the defendant has appealed to this court.

[1, 2] The first contention of appellant is that—

"The court erred in overruling defendant's plea of privilege to be sued in Tom Green county, the defendant having been cited to appear at the October term of justice court, precinct No. 1, Dallas county, Tex., and having his plea of privilege on file with the justice of peace when court convened."

This contention should be sustained. The appellant's plea of privilege to. be sued in Tom Green county, the alleged county of his residence, is in due form and properly verified. This plea, under the Acts of the Thirty-Fifth Legislature, chapter 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), constituted prima facie proof of the appellant's right to change of venue, and the facts therein alleged, in the absence of a controverting plea on the part of appellee, as provided for in said act, setting out specifically the fact or facts relied upon to confer venue of the cause on the court in Dallas county, must be taken as true. Appellee filed no such controverting plea in the case. He did, however, file under oath in the justice court on the 9th day of October, 1917, during the October term of said court, and the term at which appellant was commanded by the citation served upon him to appear, the following instrument:

"Now comes the plaintiff by its attorney, Hal Craddock, in the above and numbered cause and files this its controverting affidavit to the defendant's plea of privilege heretofore filed and says:

"That the defendant has waived his privilege to be sued in the precinct of his residence for the reason that he filed his plea of privilege at a preceding term of this court.

"Wherefore the plaintiff prays that a time for a hearing on this plea of privilege be set, and that same be noted on this affidavit and a copy of this affidavit, including your honor's notation, thereon be served on the defendant or his attorney."

This was not a "controverting plea," within the meaning of the statute to which we

have referred. It can be treated as no more than written request to overrule or strike out appellant's plea of privilege to be sued in the county of his residence on the ground that said plea had been waived, and the record discloses that it was so treated by the county court. Upon the filing of this instrument by the appellee, the justice court set down for hearing on November 2, 1917, appellant's said plea of privilege, and on said date overruled the same, presumably on the ground that it had been waived.

[3] The question then is: Was this action of the justice court correct? Our conclusion is that it was not. The cases of Harris Millinery Co. v. Melcher, 142 S. W. 100, and Smith v. First Nat. Bank of Waco, 187 S. W. 233, were decided before the passage of the act of the Thirty-Fifth Legislature above referred to and do not control a decision of the question. Those cases were correctly decided under their respective facts and the law as it then existed. In the present case the appellee, notwithstanding the appellant, by the filing of his plea of privilege to be sued in Tom Green county, entered his appearance in the justice court at the September term thereof, was not compelled to appear and file a controverting plea of said plea of privilege until the October term of said court, and not until the October term did he appear for any purpose. Appellee not having appeared during the September term of the justice court and waived his right to file the controverting plea authorized by the act of the Thirty-Fifth Legislature or exercised his right to file such plea, it would have been an entirely useless thing to have called the court's attention to the pendency of appellant's plea of privilege at the September term. For had said plea been called to the attention of the court during the September term, since appellee had until the next October term to file a plea controverting the facts alleged therein, no action in regard thereto, other than a continuance of it until the October term, could have been taken. In the absence of such controverting plea, appellant was entitled, under the act of the Thirty-Fifth Legislature, to have the case transferred to Tom Green county for trial upon his sworn plea of privilege to be sued in that county; but an order of transfer could not properly have been made under the circumstances of the case upon such prima facie proof of such right at the September term of the court. If therefore we are correct in what we have said, it logically follows, it occurs to us, that appellant had not waived his plea of privilege to be sued in the precinct of his residence in Tom Green county, and that the county court erred in holding that he had. We hold that, under the act of the Thirty-Fifth Legislature already mentioned, the rule announced in the cases above cited, to the effect that when the defendant, through no fault of the plaintiff or his attorneys, fails to call the court's attention to a plea of privilege at the term at which filed, and it appears there was time for the court to have passed on it if presented, and the case is not continued without prejudice to such plea, etc., he waives his right to have the plea passed on by the court at a subsequent term, does not apply in this case.

[4] The county court further found and held that this case was appealed to that court and filed on January 17, 1918, during a term of said court and while the same was in session and open for business; that appellant's plea of privilege to be sued in Tom Green county, the county of his residence, was not called to the attention of the court until the next succeeding term thereof, to wit, on March 12, 1918, and for that reason appellant had waived said plea.

This holding of the county court is also assigned as error, and we think the assignment is well taken. Article 2396 of Vernon's Sayles' Texas Civil Statutes provides, in substance, that, whenever an appeal has been taken from the justice court to the county court, it shall be the duty of the justice of the peace to make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book and the original papers in the cause, to the clerk of the county court of his county, and article 2397 of said statute declares that such transcript and papers shall, if practicable, be transmitted to the clerk of the county court on or before the first day of the next term of such court; but, if there be not time to make out and transmit the same to the first term, they may be so transmitted on or before the first day of the second term of the court. Article 2393 of said statute as amended by the act of the Thirty-Fourth Legislature (chapter 113; Vernon's Ann. Civ. St. Supp. 1918, art. 2393), provides that, when the appeal bond required in appealing a cause from the justice court to the county court is filed with the justice of the peace, the appeal should be held to be thereby perfected, and all parties to the suit shall make their appearance at the next term of court to which the case has been appealed without further notice. Clearly, "the next term of court to which the case has been appealed," and at which the parties are required to make their appearance by this statute, has reference to the appearance term of the case. The transcript and papers required to be transmitted by the justice of the peace to the county court in the instant case were not filed in that court until the fourth day of the January term, 1918, of said court, and hence the next succeeding term, which was the March term, 1918, was the appearance term of the case. This being true, it was not in-

cumbent upon appellant, in order to prevent a waiver of his plea of privilege to be sued in Tom Green county, which had been filed in the justice court, to appear at the January term, 1918, of the county court and present or call to the attention of the court said plea. The transcript and papers not having been filed in the county court until the fourth day of the January term of that court, neither the appellant nor appellee was required to appear at that term for any purpose in reference to this suit. The appellant had until the case could under the law be called for trial to file a plea under oath controverting appellant's plea of privilege, and it would have been error to call up his plea of privilege and acted upon it at the January term of the county court. So far as the record discloses, neither appellee nor appellant appeared in the county court at the January term thereof for any purpose, and no question of a waiver on the part of either party of his right not to appear until the March term, 1918, arises.

Appellant asks that the judgment of the county court be reversed, and that judgment be here rendered sustaining his plea of privilege to be sued in Tom Green county. From what we have said, it follows that in our opinion appellant's plea of privilege should have been sustained in the justice court, and that, having been overruled in that court and an appeal taken to the county court, the latter court should have sustained said plea. It is therefore ordered that the judgment of the county court be in all things reversed, and the cause be remanded to that court, with direction to sustain appellant's plea of privilege to be sued in precinct No. 1 of Tom Green county, Tex., and that the proper order be entered directing the clerk of the county court of Dallas county at law No. 2 to transmit the papers, etc., in accordance with law to said precinct No. 1 of Tom Green county for further proceedings.

Reversed and remanded, with instructions.