**McGHEE et al. v. MAXEY.   (No. 6339.)**

(Court of Civil Appeals of Texas. Austin. April 6, 1921.)

Pleading &⇒336—"Service" of copy of plaintiff's plea controverting plea of privilege insufficient.

Under Acts 35th Leg. (1917) c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), requiring service on each defendant of plaintiff's plea controverting plea of privilege, "service" being the judicial delivery or communication of papers, execution of process, or the delivery or communication of a pleading, notice, or other paper in the suit to the opposite party to charge him with its receipt and subject him to its legal effect, it was error for the trial court to hold that defendants had sufficient notice of plaintiff's plea controverting their plea of privilege merely because counsel for plaintiff phoned defendants' attorneys that he was filing such controverting plea, called the attention of one of defendants' attorneys to the fact of filing, showed it to him, and mailed an exact copy of the controverting affidavit and notation of the judge setting the matter for hearing to defendants' attorneys.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Service.]

Error from McLennan County Court; G. T. Shires, Judge.

Suit by J. A. Maxey against George S. McGhee and others. To review judgment for plaintiff, defendants bring error. Judgment reversed, and cause remanded.

Johnston & Hughes, of Waco, for plaintiffs in error.

S. J. T. Smith, of Waco, for defendant in error.

BRADY, J. This is a suit for commissions alleged to have accrued to defendant in error for effecting a sale of real estate. Plaintiffs in error, who reside in Dallas county, filed proper pleas of privilege, objecting to the venue being laid in McLennan county, and claiming the privilege to be sued in the county of their residence. Defendant in error filed controverting pleas, and the hearing on this branch of the case was set by the regular judge of the court for June 9, 1920. On that date the case was called by a special judge, who had been elected by the bar to serve during the absence and inability of the regular judge. Attorneys for plaintiffs in error appeared, but expressly stated in the capacity of amicus curiæ, and suggested to the court that there was no jurisdiction to hear the pleas of privilege, because there had been no legal service of the controverting affidavit upon plaintiffs in error or their attorneys of record. On June 14th the whole case was tried, and the court instructed the jury to return a verdict for defendant in error against plaintiffs in error for the amount sued for, and to find the facts against plaintiffs in error upon their pleas of privilege. Upon this verdict the court rendered judgment for defendant in error, and overruled the pleas of privilege.

The briefs present several interesting questions, chiefly relating to the authority of the special judge to try this case, and to file conclusions of fact and law, found in the transcript, at a date after the time allowed by law. These questions we deem it unnecessary to decide, because of our conclusion that the case must be reversed upon another ground, and none of the other questions will likely arise upon another trial.

Chapter 176, Acts of the Thirty-Sixth Legislature, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), provides that upon the filing of a plea of privilege the same shall be prima facie proof of the defendant's right to change of venue. It further provides:

"If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of the peace shall note on same a time for a hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing it shall not be necessary to serve the copy above provided for."

In this case it appears that there was in each instance no service of the controverting

affidavit and notation of the judge, but the record shows that this was sought to be obviated by counsel for defendant in error's having phoned attorneys for plaintiffs in error that he was filing a controverting plea, and that at the time such plea was filed he called the attention of one of the members of the firm of plaintiffs in error's counsel to the fact that he was filing such plea, and showed the same to him, and on the same date mailed an exact copy of the controverting affidavit and notation of the judge setting the matter for hearing to such attorneys, properly addressed and stamped. It is further shown in the record that the case was set down for hearing on the plea of privilege and the merits for June 9th, but the matter was deferred until the following day because of another trial in progress. When this situation was presented to the trial judge, he held that it was sufficient notice to plaintiffs in error, and proceeded to try the cause.

It is obvious that under this statute plaintiffs in error were entitled to the service contemplated by the statute before a hearing could be had upon the question of privilege. The statute seems to be mandatory in this particular, and, if plaintiffs in error or their counsel were not served as required by statute, the court erred in hearing and overruling the pleas of privilege and in rendering judgment upon the verdict. The statute provides for an appeal from the judgment sustaining or overruling the plea of privilege. This is a valuable right of which a party cannot be deprived, unless he has waived the same. The word "service" is defined in Cyc. vol. 35, p. 1432, as:

"The judicial delivery or communication of papers; execution of process; the delivery or communication of a pleading, notice or other paper in a suit to the opposite party so as to charge him with the receipt of it and subject him to its legal effect."

This is the general rule announced by the authorities, and we have no doubt that this statute contemplates that the notice must be served upon the defendant or his attorney by the proper officer of the court, with a copy of the controverting plea, and notation of the judge, for the time and in the manner stated in the statute in order to constitute legal service. Perez v. Perez, 59 Tex. 322; Ins. Co. v. Milliken, 64 Tex. 46; Brooks v. Elevator Co., 211 S. W. 288; Girvin v. Gulf Ref. Co., 211 S. W. 330.

We do not think the facts above referred to, relied upon as dispensing with service by an officer, are sufficient to bring home statutory notice or to constitute legal service. Neither do we think any estoppel or waiver was shown. It follows that the trial court was without authority to overrule the pleas of privilege, and for this error the judgment will be reversed, and the cause remanded.

Reversed and remanded.