## PYLE–WILLIAMS & CO. v. DE BORD.
### (No. 399.)

(Court of Civil Appeals of Texas. Waco. Oct. 7, 1926.)

**1. Pleading ⬚111—Overruling plea of privilege to be sued in another county, where controverting affidavit was not served on defendants as required by statute, was error (Vernon's Ann. Rev. Civ. St. 1925, art. 2008).**

Filing plea of privilege by defendants to be sued in another county deprived trial court of jurisdiction, except to transfer cause, and, where controverting affidavit was not served on defendant or his attorney, as required by Vernon's Ann. Rev. Civ. St. 1925, art. 2008, overruling plea was error.

**2. Pleading ⬚111.**

Mailing to defendant's attorneys copy of controverting affidavit *held* not sufficient notice to warrant trial of issue raised by plea of privilege to be sued in another county.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by A. P. De Bord againt Pyle-Williams & Co. A plea of privilege was overruled, and defendant appeals. Reversed and remanded.

Hyder & Batten, of Fort Worth, for appellant.

W. W. Ballew, of Corsicana, for appellee.

STANFORD, J. Suit was filed June 16, 1924, by appellee in the district court of Navarro county against Pyle-Williams & Co., a corporation, to recover for certain fuel oil furnished said company during the month of August, 1923, in the total sum of $512. On July 5, 1924, the said Pyle-Williams & Co., a corporation, filed its plea of privilege to be sued in Tarrant county, Tex. On July 21, 1924, the plaintiff, appellee herein, filed his controverting affidavit to said plea of privilege. A hearing on this plea of privilege was never had, and the defendant corporation was never served with any copy of said controverting affidavit, nor were its attorneys served with a copy thereof. On May 19, 1925, the plaintiff, appellee herein, filed his first amended petition, setting up the same cause of action against D. R. Pyle and R. Q. Williams as partners doing business under the firm name of Pyle-Williams & Co., alleging that, at the time said fuel oil was sold and delivered to Pyle-Williams & Co., said concern was a partnership, composed of D. R. Pyle and R. Q. Williams, and that said partnership was engaged in drilling wells in Navarro county, and that D. R. Pyle was the managing partner engaged in said work; that appellee made the contract of sale of said fuel oil in Navarro county with said partnership through D. R. Pyle, the managing partner engaged in said work, and delivered said fuel oil to said partnership in Navarro county; and alleged further that afterward said parties incorporated, and continued to do business under the same name, to wit, Pyle-Williams & Co., but that, as Pyle-Williams & Co. was a partnership, composed of D. R. Pyle and R. Q. Williams, at the time sa'd oil was sold and delivered to them, they were jointly and severally liable therefor; that D. R. Pyle, at the time of said sale, and at the time said amended pleading was filed, was a resident of Navarro county, etc. On May 23, 1925, appellant R. Q. Williams filed his plea of privilege to said amended pleading to be sued in Tarrant county. On July 13th plaintiff appellee filed his controverting affidavit to the plea of privilege of R. Q. Williams, setting up and alleging as grounds for venue in Navarro county that D. R. Pyle and R. Q. Williams, at the time plaintiff's cause of action arose, were partners, and that D. R. Pyle resided in Navarro county, and that Pyle and Williams were liable for said debt, jointly and severally, as such partners. Neither this controverting affidavit nor any copy thereof was served upon the defendant R. Q. Williams, nor his attorney of record, nor did the trial court note on said controverting affidavit, or elsewhere, a time when same would be heard. The case was set for trial for the 11th day of

August, 1925, at which time the defendant R. Q. Williams, by his attorneys, appeared and objected to hearing of said cause on its merits, or on said plea of privilege, and insisted that said cause be transferred to Tarrant county on defendant Williams' plea of privilege, but, over the objections of defendant Williams, the court heard the plea of privilege and overruled same, from which action of the court this appeal is prosecuted.

[1, 2] Under appellant's second assignment the contention is made that the trial court was in error in proceeding to the trial of the plea of privilege, for the reason that the defendant R. Q. Williams had not been served with notice of the filing of the controverting affidavit, nor a copy of said controverting affidavit served upon him or his attorney, as required by statute. Article 1903, Vernon's Ann. Civ. Statutes, Supp. 1918, also article 2008, Vernon's Ann. Rev. Civ. Statutes. The effect of the filing of the plea of privilege by the defendant R. Q. Williams was to deprive the trial court of any jurisdiction in said cause, except to transfer same to Tarrant county, unless plaintiff controverted said plea, and, after plaintiff controverted said plea, an issue was joined to be tried, but the trial court could have no jurisdiction to try said issue until proper notice was served on defendant Williams or his attorney, as required by said statute. The fact that appellee's attorneys mailed to appellant's attorneys a copy of said controverting affidavit, as shown by the court's qualification of a bill of exception, was not sufficient. McGhee v. Maxey (Tex. Civ. App.) 230 S. W. 735. The trial court had no jurisdiction to try the issue raised by the plea of privilege and the controverting affidavit, so his order overruling said plea was, and is, void. The law applicable to the questions here involved has been fully settled by our Supreme Court in the cases of Craig et al. v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667, and Schumacher Co., Inc., v. Dolive, 112 Tex. 564, 250 S. W. 673. We sustain this assignment, and reverse the judgment of the trial court, and remand for further proceedings.