## AUSTIN BRIDGE CO. v. WREN.  (No. 2851.)

Court of Civil Appeals of Texas.  Amarillo.
June 29, 1927.

Rehearing Denied Aug. 31, 1927.

1. Pleading ⬳336—Mailing copy of affidavit controverting plea of privilege and court order setting date for hearing held insufficient notice.

Mailing to defendant a copy of affidavit controverting defendant's plea of privilege and a copy of the order of the court setting the date for hearing *held* not sufficient service of notice to give court jurisdiction.

2. Pleading ⬳332—Notice of controverting affidavit and hearing on plea of privilege is jurisdictional.

In order to give the court jurisdiction to hear an issue of venue raised by controverting affidavit, required notice to defendant must be given or waived.

3. Pleading ⬳111—Plea of privilege must be heard at first term of court after filing, unless business of court prevents or hearing is waived.

A plea of privilege must be disposed of at the first term of court after it is filed unless the business of court prevents its consideration or the hearing is waived by consent of parties.

**4. Pleading ⬤111—Plaintiff held to have burden of justifying failure to hear plea of privilege at first term after it was filed.**

Where a hearing on defendant's plea of privilege contested by plaintiff was not had at the first term of court after it was filed, plaintiff was *held* to have burden of proving that the hearing was waived by agreement, or that business of court prevented its consideration at the term when it should have been heard.

**5. Pleading ⬤111—Where hearing on plea of privilege was not heard at first term after it was filed, overruling exception to jurisdiction except to order cause transferred was error.**

Where a hearing on a plea of privilege was not had at the first term of court after it was filed, and it was not shown that the hearing was waived or that the business of court prevented its consideration, overruling an exception to the jurisdiction except to order the cause transferred *held* error.

Appeal from District Court, Dickens County; J. H. Milam, Judge.

Suit by Dana Wren against the Austin Bridge Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

Collins & Houston, of Dallas, for appellant.

J. S. Kendall, of Munday, and J. Ross Bell, of Paducah, for appellee.

JACKSON, J. This suit was instituted in the district court of Dickens county, Tex., by Dana Wren, the plaintiff, against the Austin Bridge Company, the defendant, to recover damages for personal injuries. The plaintiff bases his cause of action on the alleged negligence of the defendant in removing a certain bridge which spanned Duck creek, and constituted a part of the highway and public road in Dickens county, Tex., and in failing to place any sign, signal, or marker to give warning of the danger caused by the removal of said bridge. He pleads that on the night of September 19, 1925, while lawfully driving his car along the highway, he, on account of the removal of the bridge, ran into the channel of Duck creek, which was about 20 feet deep, and was injured and damaged in the sum of $75,600 as the direct and proximate result of defendant's alleged negligence.

Plaintiff's petition was filed October 8, 1925, citation issued the same day, and served on the defendant October 10th thereafter, commanding it to appear and answer plaintiff's petition at the November term of said court, which convened on November 30, 1925.

On November 27, 1925, the defendant filed its plea of privilege and asked that the suit be transferred to the district court of Dallas county, in which it had its domicile and principal place of business.

On December 1st thereafter, plaintiff filed his controverting affidavit to the defendant's plea of privilege, and the court ordered a hearing on said plea December 14, 1925, and directed that notice be given to the defendant thereof. So far as the evidence in the record discloses, no further action was taken by the court at the November term, 1925, pertaining to the plea of privilege, the controverting affidavit, or the hearing thereon.

It appears that the plaintiff promptly forwarded to the defendant by registered mail a copy of its controverting affidavit and the order of the court setting the hearing on December 14, but no other notice of the controverting affidavit or of the hearing was served upon defendant.

On May 24, 1926, the defendant excepted to the action of the court in continuing the cause at the preceding term, and challenged the jurisdiction of the court to make any order on the plea of privilege at the May term other than to transfer the case to the district court of Dallas county, because the burden was upon the plaintiff to prosecute the controverting affidavit to a hearing and determination at the term of court in which it was filed and, having failed to do so, waived his right to be heard on the controverting affidavit and left the court without jurisdiction to make any order except to transfer the cause as prayed for in its plea of privilege.

The court overruled the defendant's exception, and on a hearing overruled the plea of privilege for the reason that plaintiff filed the controverting affidavit in due time, but no notice of such affidavit or the date set for the hearing thereof were served upon the defendant, "because of a suggestion of the court to counsel for plaintiff at the time said affidavit was filed that personal service was not necessary, and that to send the said notice by registered mail to counsel for defendant would be sufficient, and it further appearing that thereafter counsel for defendant agreed with counsel for plaintiff to waive further service of notice and to let the matter be considered on a certain day of the next term of the court, subject to the defendant's right to urge the court's want of jurisdiction to consider the controverting affidavit after the first term, the court was of the opinion that said exception should be overruled and it was and is hereby so ordered, to which order defendant then and there excepted." The action of the court in overruling the exception and plea of privilege is assailed as error in this appeal.

The only testimony of an agreement between counsel for the defendant and counsel for plaintiff to waive further service of notice and let the matter be considered at the next term of court is contained in a letter of date May 6, 1926, addressed by counsel of the defendant to counsel for the plaintiff, and reads as follows:

"We find that we cannot sign the waivers, in the form in which you have prepared them,

in the three personal injury suits against Austin Bridge Company in the district court of Dickens county. We are pleading that the court is without jurisdiction to consider the controverting affidavits for the reason that they were not disposed of at the term at which they were filed, and inasmuch as the waivers contained an agreement that the controverting affidavits may be heard and considered by the court on the first day of this term, signing the waivers would waive our plea to the jurisdiction.

"However, we take note of the fact that you have had the controverting affidavits set down for hearing for the first day of the May term, and we see no reason why we cannot accommodate you by waiving notice of the hearing. In other words, we already have copy of the affidavits, and, since you have advised us of the date set for the hearing, we will not require that you serve us with notice, but will be on hand on that date to present our plea to the jurisdiction, and, saving our exception in the event it is overruled, to proceed with the trial of the issues raised by your controverting affidavits.

"You still have ample time to serve us with notice if you prefer to do that."

We think it is manifest from the contents of this letter that the defendant did not waive its right to insist that the issue raised by the affidavit filed by plaintiff at the November term of court, controverting its plea of privilege, should have been heard at said term, and as such issue was not heard at said November term, because legal notice was not served upon it, the court was without jurisdiction to hear such issue at the succeeding May term of court, but was required to sustain the plea of privilege.

[1, 2] The court finds that legal notice of the controverting affidavit and the date set for the hearing at the November term of court was not served upon defendant, and this finding is uncontroverted by the evidence, and under this record is a correct conclusion of law (Pyle-Williams & Co. v. De Bord [Tex. Civ. App.] 287 S. W. 143; McGhee v. Maxey [Tex. Civ. App.] 230 S. W. 735), and in order to give the court jurisdiction to hear and determine the issue of venue raised by a controverting affidavit it is necessary that the notice required be given or that it be waived by agreement (Doak v. Biggs [Tex. Civ. App.] 235 S. W. 957).

"It is just as essential to have this notice served upon a defendant, as it would be to serve a defendant with a citation in an orig-

inal suit." Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087.

[3] A plea of privilege must be disposed of at the first term of court after it is filed unless the business of the court prevents its consideration or the hearing is waived and a continuance had by consent of the parties. Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298; Chatham Machinery Co. v. Smith (Tex. Civ. App.) 44 S. W. 592; Creswell Ranch & Cattle Co. v. Waldstein (Tex. Civ. App.) 28 S. W. 260.

[4] The burden of proof was upon the plaintiff to show that the hearing set at the November term, December 14th, was waived by agreement or that the business of the court prevented its consideration at that term of court, because under this record it is uncontroverted that the plaintiff made no effort to serve the defendant with legal notice of the filing of its controverting affidavit on December 1st, and the order of the court setting a hearing thereon, on December 14th. Neyland v. Benson (Tex. Civ. App.) 292 S. W. 251; Ficke v. Foley (Tex. Civ. App.) 292 S. W. 624; San Marcus Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626.

[5] No testimony was offered to show that the business of the court was such as to prevent a consideration of the plea of privilege and controverting affidavit at the November term. The letter offered by the plaintiff from defendant's attorneys to show a waiver or an agreement to continue the hearing until the next term of the court not only fails to establish such waiver or agreement, but affirmatively shows that defendant's counsel expressly declined to waive such hearing or agree to a continuance. In fact, the letter was written long after the expiration of the November term of court.

The plaintiff offered no evidence to show that the hearing on the controverting affidavit was continued by the court on its own motion, or because the business of the court prevented a hearing at the November term. In fact, if any order was entered continuing the hearing until the succeeding term of court, such order was not introduced in evidence. No testimony offered tended to show such an order was made, or the contents thereof, or any reason why such order could have been legally made.

The judgment is reversed and the cause remanded, with instructions that an order be entered by the trial court transferring the case to the district court of Dallas county.