### COCHRAN v. CROW et al.  (No. 2988.)

Court of Civil Appeals of Texas.  Amarillo.
April 4, 1928.

Pleading ⬥⟹332—Failure to give notice to defendant of hearing on plea of privilege, being jurisdictional, required reversal of judgment overruling plea (Rev. St. 1925, art. 2008).

In action on brokerage contract for sale of land, in which defendant, sued with another, filed plea of privilege to which plaintiff filed controverting affidavit, where defendant was not notified of hearing on plea nor did he waive same, judgment reciting that defendant did not appear and that plea of privilege was overruled upon the ground that one of defendants was domiciled in county *held* erroneous, since failure to give notice to defendant as required by Rev. St. 1925, art. 2008, was jurisdictional.

Error from Lamb County Court; E. N. Burrus, Judge.

Action by O. O. Crow against B. B. Cochran and another. To review a judgment overruling his plea of privilege, named defendant brings error. Reversed and remanded, with instructions.

Jas. A. Stephens, of Benjamin, for plaintiff in error.

John H. Wood, of Amherst, for defendant in error.

HALL, C. J. The defendant in error Crow sued plaintiff in error Cochran and one C. A. Messamore in the county court of Lamb county. His cause of action against Cochran is based upon a brokerage contract for the sale of land, which belonged to Cochran. The petition sets out no cause of action whatever

against Messamore, the only allegation with reference to him being that Crow procured Messamore as a prospective purchaser who was ready, willing, and able to purchase the land upon the terms given by Cochran.

In due time, Cochran filed his plea of privilege to be sued in Knox county, which the petition alleges was the county of his residence. It is alleged in the petition that Messamore resided in Lamb county.

Crow filed a controverting affidavit, upon which the court did not enter any notation stating the time set for a hearing on the plea of privilege, and the record fails to show that Cochran was notified of the date of the hearing, nor does it appear that he waived such notice by agreeing upon the date.

The judgment of the court recites that Cochran did not appear and that the plea of privilege was overruled upon the ground that one of the defendants had his domicile in Lamb county. It does not appear that any evidence was introduced relative to the plea of privilege, and the failure to give notice, as required by R. S. 1925, art. 2008, is jurisdictional. The court could not pass upon the issues presented by the plea of privilege without the previous service of notice in accordance with the statute. Humphreys v. Young (Tex. Civ. App.) 293 S. W. 657; Denby Truck Co. v. Thompson et al. (Tex. Civ. App.) 248 S. W. 427; Austin Bridge Co. v. Wren (Tex. Civ. App.) 297 S. W. 655.

For the reasons stated, the judgment is reversed and the cause remanded, with instructions that the appellant be notified when his plea of privilege will be heard.