## DAY v. LUMBERMEN'S RECIPROCAL ASS'N.   (No. 10304.)

Court of Civil Appeals of Texas. Dallas.
June 23, 1928.

Rehearing Denied July 21, 1928.

1. Master and servant ⬅419—Industrial Accident Board may review order approving compromise of compensation claim (Rev. St. 1925, art. 8306, § 12d; Workmen's Compensation Act).

Rev. St. 1925, art. 8306, § 12d, authorizes the Industrial Accident Board to review and change or revoke its order approving compromise of claim for compensation insurance, as well as an order allowing such claim, under Workmen's Compensation Act.

2. Master and servant ⬅419—Change in injured employee's condition since approval of compensation agreement and existence of facts stated therein held for jury.

Evidence in suit to set aside Industrial Accident Board's award denying application to review its order approving compromise compensation agreement between injured employee and employer held to raise issues for jury as to change in employee's condition from that contemplated when agreement was approved and actual existence of facts stated therein as reason for its execution and approval.

Appeal from District Court, Dallas County; P. O. Beard, Judge.

Suit by James Day against the Lumbermen's Reciprocal Association. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

White & Yarborough, of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

JONES, C. J. In a suit by James Day, appellant, against the Lumbermen's Reciprocal Association, appellee, to set aside an award of the Industrial Accident Board, judgment was rendered in favor of appellee on peremptory instruction from the court, and appellant prosecutes an appeal.

The suit is based on the following facts: Appellant received an injury while in the course of his employment with the Olive & Myers Manufacturing Company, whose plant is located in the city of Dallas. The injury occurred on April 19, 1926, while appellant was engaged in the work of his employer in removing varnish from a piece of furniture, and, to assist in such work, he was using a fluid that contained a large percentage of one of the acids. Some of this fluid accidentally flew into his left eye, with the result that the eye became very much inflamed and he was under the treatment of a physician, and later an eye specialist, for a considerable period of time. The final result was that the injured eye had to be removed, and his other eye became involved, by reason of the injury, to such an extent that its vision is now very greatly impaired and may be totally lost. The Olive & Myers Manufacturing Company was a "subscriber" under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), with appellee carrying its compensation insurance. Before the removal of the left eye, and before the present impairment of the vision of the right eye existed, and at a time when appellant was suffering very much from the injured eye, a compromise adjustment of appellant's claim against appellee, for compensation insurance, was entered into between appellee's adjuster and appellant. It was first agreed that the sum of $500 should be paid by appellee in full settlement of this claim, but, before this amount was accepted by appellant, it was increased by $100. While this adjustment was pending, appellant wrote several letters to the Industrial Accident Board, describing his injury, and stating that he had been warned by the physician that the inflamed eye might have to be removed, and that the vision of the other eye might be affected. At the time of this adjustment, there was no vision in the injured eye. The adjustment was submitted, as required by law, to the Industrial

Accident Board, together with the reason for making the compromise agreement. The reason given conformed·to the statutory condition that will authorize the board to approve a compromise of such a claim. The Industrial Accident Board approved the adjustment, and entered its order accordingly and appellant received the $600 and executed a release. This final approval was in August, 1926.

At the time of the injury, appellant's average weekly wage was $31.30, and, under the Workmen's Compensation Act, he was entitled for the permanent loss of the sight of one eye, to 60 per cent. of his average weekly wage during 100 weeks. The compromise agreement entered into recited that appellant sustained the injury, but that:

" * * * The facts and circumstances connected with and surrounding the infliction of said injury make the liability of Lumbermen's Reciprocal Association uncertain and indefinite, or incapable of being satisfactorily established."

The reason of the existence of this uncertainty is stated to be:

The " * * * loss of vision and condition of claimant's eye due to glaucoma. Investigation show that he had trouble with this eye two years ago. Injury only caused it to be inflamed."

And reference is made to the report of Drs. Jones and Jones, eye specialists of Dallas.

The effect of the testimony of appellant and his wife is that he had never suffered from his eye previous to the· injury received on April 19, 1926, and had never had any trouble in reference to its vision. They deny in their testimony that they read the written agreement giving the reason for the compromise, or that they understood its contents. The testimony is further to the effect that, for some time preceding the trial of this case, appellant has been totally disabled from performing any character of work, because of his suffering from the injury and his partial blindness.

The award of the Industrial Accident Board, which is sought to be set aside by this suit, arose on an application of appellant, properly made, with due notice to all interested parties, to reopen the matter of the allowance for the injury under the compromise between appellee and appellant, made on the approval by said board, because of the changed condition of his injury since the said award was made, and, further, because of alleged fraud practiced upon appellant by appellee's adjuster in the matter of consummating the settlement. The fraud alleged is in effect that misrepresentations were made to him of the character of his injury, and, further, because of a mistaken belief of the extent of the injury received at said time; that he was led to believe that the injury was temporary and that he would be able soon to resume his work. It is claimed, under proper assignments of error, that the evidence offered raised each of the issues above stated, and it was error to give the peremptory instruction. We find it only necessary to discuss the claim as to the changed condition after the settlement was made.

[1] Section 12d of article 8306, R. C. S., reads:

"Upon its own motion or upon the application of any person interested, showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this law, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

[2] We know of no reason why this enactment should not apply to an order of the Industrial Accident Board, approving a compromise of a claim for compensation insurance, the same as it applies to an order allowing such claim under the terms of the Workmen's Compensation Act. We believe the order approving the compromise agreement was made subject to· the provisions of this statute. The evidence unmistakably raises an issue as to a change in the condition of appellant caused by the injury from that contemplated at the time the settlement agreement was approved. We think, also, that it raises an issue as to the actual existence of the facts stated in the compromise agreement as the reason for the execution of said agreement and its approval by the Industrial Accident Board.

For which reasons, we are of the opinion that this case must be reversed and remanded for a trial not inconsistent with the views herein expressed.

Reversed and remanded.