Court of Civil Appeals of Texas. Austin.

April 29, 1931.

Rehearing Denied May 20, 1931.

Smith & Smith, of Anson, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellee.

BAUGH, J.

Appeal is from an order of the district court of Brown county sustaining appellee's plea of privilege to be sued in Dallas county. Benson sued to set aside, on the grounds of fraud committed in Brown county, a settlement agreement made by him with the insurance company of a compensation claim which had accrued under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309, as amended). The only purpose of the suit, and the only relief asked in his pleadings, was the cancellation of the settlement agreement.

Appellant insists that venue of this suit was properly laid in Brown county, under article 1995 (Rev. St.), on the following grounds: 1. That it was a suit against a corporation on a cause of action arising in whole or in part in Brown county, Subdivision 23. 2. That it was based upon a fraud committed in that county. Subdivision 7 as amended by Acts 40th Leg. (1927) 1st Called Sess. c. 72 (Vernon's Ann. Civ. St. Art. 1995, subd. 7). 3. That it was a suit against a foreign corporation on a cause of action arising in that county. Subdivision 27. And 4. That it was a suit under the Compensation Act, and that the injury having occurred in that county, venue therein was fixed by law.

On the plea of privilege hearing there was no proof offered as to whether or not appellee was a corporation, and, if so, whether domestic or foreign. Some of the courts have held that it is incumbent upon the plaintiff in such case to make such proof, but we do not find it necessary to determine that question here. The pleadings show clearly that the only cause of action pleaded, and the only relief sought, was predicated upon fraud alleged to have been committed in Brown county. And it was incumbent upon plaintiff, as against defendant's plea of privilege, to at least show probable fraud committed there, or to introduce sufficient evidence to reasonably raise an issue of fact thereon.

The only evidence offered was the testimony of appellant. The agreement sought to be set aside was not introduced. After testifying as to his injury, payment for a time of compensation by the defendant, and his rejection of defendant's first offer of settlement, appellant testified as follows:

"I met another man under the same circumstances that I met this man, but this last time it was not in Mr. Timmins office but in Southern Hotel. Mr. Timmins made me acquainted with him. Mr. Timmins met me on the street in his car and took me up and introduced me to him. I do not recall the name of this man either. This last man represented to me that he was an agent for the Travelers Insurance Company. He offered to settle on the basis of a letter that the Travelers Insurance Company had written me. That was for $1078.00 and some cents. I have not got that letter now. In that conversation, before he made me the proposition he made me, I advised him of my financial situation. I advised him that I was in debt. There was something said about that my compensation had been stopped at that time. They had stopped it at that time. I did not at that time have any funds to live on. I was in debt at that time.

"As to whether there was at that time any conversation between us relative to carrying this matter into court: He asked me did I have a lawyer and I said to him, 'No', that I was thinking about getting one though, and he said that if I did employ a lawyer that it would be in court a year or two or three years. I did not know whether to believe what he said or not. I had no lawyer to advise me.

"As to what prompted me to make settlement with them: It looked like I had gone as far as I could and that I had to have some money to pay up my debts. I was not able to do any work.

"All of this took place in Brown County. I received my injury at the Texas Brick Company, in Brown County, Texas."

The foregoing is the only testimony on the issue of fraud, and wholly fails, we think, to raise that issue. It does not disclose any false statements made by the defendant's agents to plaintiff; nor that he acted upon such as were made; nor that he was in any manner injured. There is no evidence that the settlement was unfair, or unjust, or that he did not receive what he

was entitled to under the law. The allegations in the petition and those in the controverting affidavit are not proof of the facts therein stated. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Vilbig Motor Freight Lines v. Jenness (Tex. Civ. App.) 34 S.W.(2d) 684. Having failed on said plea to show a cause of action arising in Brown county, the issue as to whether defendant was shown to have been a corporation is immaterial.

Nor do we sustain appellant's contention that his was a cause of action arising under the Workmen's Compensation Act, and that because his injury occurred in Brown county venue was properly laid there under that act. His pleadings themselves negative this contention. He sought no recovery of compensation. On the contrary, he alleged that the Industrial Accident Board had made no award in his case—a matter essential to give the court jurisdiction to award him compensation. The approval by said board of his settlement, which was not proven, does not amount to an award. Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565. The settlement agreement sought to be set aside, while authorized by the Compensation Act [R. S. art. 8307, § 5 as amended by Acts 40th Leg. (1927) p. 328, c. 223, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5)] was, as stated in Lumbermen's Reciprocal Ass'n v. Day (Tex. Com. App.) 17 S.W.(2d) 1043, 1045, "a substitution for the board's action of an agreed settlement independent of the statute, fixing the amount of compensation."

The suit here involved sounding wholly in fraud to set aside an agreement not governed by the Compensation Act, that law has no application to the issue of venue here raised.

Under the state of the record here presented the trial court properly sustained the plea of privilege.

Appellee urges a plea to the jurisdiction of this court and of the trial court based upon the following: After appellee had filed its plea of privilege, the appellant filed an amended petition in the trial court. Appellee thereupon filed application and bond to have this suit removed to the federal court on the ground of diversity of citizenship (alleging that appellee was a foreign corporation) and that under the amended pleadings more than $3,000 was involved; its contention being that whether or not said sum was involved was a fact issue determinable by the Federal District Court and not the state district court, citing First Nat. Bank v. Glaser, 46 Tex. Civ. App. 286, 102 S. W. 171. We find no cross-assignment of error to the action of the trial court in overruling said plea. But whether properly presented or not, we think it has no merit. The amended pleading did allege some additional facts relative to plaintiff's injury, which, if this were a suit for compensation, might authorize a larger recovery than his original petition; but it did not in any manner change the character of his suit nor the amount involved. It still remained a suit in equity to cancel a written instrument for fraud in its procurement. Appellee's contention on its plea of privilege, first filed and never withdrawn nor waived, was that appellant's suit was not for compensation but for cancellation of a written instrument. Whereas, the only ground upon which its plea for removal to the federal court could be sustained was that it was a suit for compensation wherein the appellant might recover more than $3,000, thereby giving the federal court jurisdiction. Appellee cannot be heard to invoke the jurisdiction of the state court for one purpose and deny it for another. And as above stated, appellant's cause of action being solely one for cancellation of a settlement agreement involving only $1,078, and no other relief being sought, appellee cannot assert for purposes of removal to the federal court, another and different cause of action from that pleaded by appellant. The trial court therefore properly overruled appellee's application for removal.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.