COMMERCIAL STANDARD INS. CO. v. LOWRIE.
No. 8777.

Court of Civil Appeals of Texas. San Antonio.
March 16, 1932.
Rehearing Granted April 13, 1932.
Rehearing Overruled May 11, 1932.

934

Touchstone, Wight, Gormley & Price and W. P. Bondies, all of Dallas, for appellant.

Samuel Belden, Grover C. Morris, and Joe L. Hill, all of San Antonio, for appellee.

COBBS, J.

Appellee sued appellant in Live Oak county, alleging that about February 5, 1930, he was employed by the C. C. Moore Construction Company in the town of George West, Live Oak county, as a laborer at a regular wage of $17.50 per week; that on or about said date, in the course of his employment, plaintiff was severely and painfully and permanently injured in his back, spine, right side, and several other internal injuries by being knocked off a bridge by another employee. Appellee alleged that his employer, C. C. Moore Construction Company, was a subscriber under the terms and provisions of the Employer's Liability Act of the State of Texas, and had procured from appellant, Commercial Standard Insurance Company, an insurance policy, which was in full force and effect at the time of appellee's injury; and that in accordance with the terms of said policy and its provisions the appellant became bound and obligated to pay appellee such sums as might become due and payable as compensation and for medical and hospital expenses under the Employers' Liability Act of the State of Texas (Rev. St. 1925, arts. 8306–8309 as amended).

That for the purpose of defrauding and cheating appellee, the appellant induced appellee to go to Dallas, and while there obtained from him his signature to a compromise agreement, through its physician and other agents, on their representation to him that such instrument was a receipt for compensation then due appellee in the sum of $200.

Appellee, among other things, alleges:

"That the said instrument was drawn up by the defendant herein as being executed under the conditions herein set out and said instrument became inoperative and void for the further reason that the person procuring the said instrument was the physician representing the defendant who stated to plaintiff that he knew plaintiff's condition and that plaintiff was not seriously injured and that he, as a physician, could assure plaintiff that it was all right and proper for plaintiff to accept said $200.00. That said physician did not state to plaintiff that he was signing a release in full for all demands past and future and that the said physician on account of his persuasion and influence, misrepresented to plaintiff and induced plaintiff to sign said release which plaintiff would not have done except for the influence and misrepresentations of said physician and other agents of the defendant. That said instrument was drawn up by the defendant herein after being executed under the conditions above set out and presented to the Industrial Accident Board which called a hearing and entered an order approving said erroneous settlement and agreement on May 14, 1930.

"Plaintiff would show that the true condition of the plaintiff was not presented to the Industrial Accident Board but rather was misrepresented to said Board by reason of the facts. That the defendant knew and was informed that the plaintiff's injury as hereinbefore alleged was permanent and serious, but with the intent to cheat and defraud plaintiff, the defendant in an ex parte hearing obtained said award and approval and plaintiff was not seen or examined by the Board Doctors and plaintiff is certain that had the Board known the true facts of his condition, the compromise agreement would not have been approved.

"It is further alleged that plaintiff is in need for money, is in financial distress, which was known to the defendant and defendant took advantage of plaintiff's situation to make a hard bargain and thus wrongfully took from plaintiff that which he was justly and in good conscience entitled to as a result of his injuries hereinbefore set out. That thereafter in the month of January, 1931, the plaintiff was informed that the compromise settlement evidenced by the instrument heretofore mentioned and executed by the plaintiff, had been approved by the Industrial Accident Board of the State of Texas on the 14th day of May, 1930. That on the 20th day of January, 1931, through his attorneys, plaintiff filed with the Industrial Accident Board, an application to review the compromise agreement for the reason heretofore set out and to set the case for rehearing on its merits and that the plaintiff is entitled to weekly compensation for the period of 401 weeks for the injuries sustained under the provisions of the Employers' Liability Act. That thereafter, on the 24th day of January, 1931, the Board entered a final judgment in this cause denying the plaintiff's application to review the compromise settlement agreement and to allow the plaintiff a hearing of his claim on its merits.

"That afterwards, the plaintiff, to-wit: on the 28th day of January, 1931, after the Industrial Accident Board had entered a final judgment denying this plaintiff relief, plain-

tiff gave notice of his dissatisfaction with the order denying him a re-hearing by said board, and now appeals and asks for a trial de novo on its merits, and that he be allowed compensation as provided by law and he further alleges that this case is now being appealed for trial on its merits as provided by law. He says that he was injured as hereinabove set out while in the course of his employment at George West, Live Oak County, Texas. He further alleges that he was a strong healthy man prior to the accident and capable of carrying on his usual occupation as a laborer. That plaintiff has lost his ability to labor and earn a living by reason of his injuries as pleaded, and that he is entitled to receive and recover of and from the defendant compensation at the rate of $17.50 per week, for a period of 401 weeks which is $7,017.50; that he is a poor man and this sum should be paid in a lump sum or increased compensation as provided for in the Employers' Liability Act."

To this pleading the appellant filed a plea of privilege and a sufficient answer.

The plea of privilege sought to transfer the cause of action to Dallas, the place where the alleged fraud was committed, which plea and all exceptions to the pleading were overruled.

While it is true the case may have been tried where the fraud was alleged to have been committed, still it was properly brought in Live Oak county, where the injury occurred. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Savage v. H. C. Burks & Co. (Tex. Civ. App.) 270 S. W. 244; San Jacinto Life Ins. Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482; Lumbermen's Reciprocal Ass'n v. Day (Tex. Com. App.) 17 S.W.(2d) 1043, 1045; Day v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 8 S.W.(2d) 709; Todd v. Southern Casualty Co. (Tex. Civ. App.) 18 S.W.(2d) 695; Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, 117.

The insurance company was a foreign corporation and suit was properly brought in Live Oak county. Article 1995, R. S.; San Jacinto Life Ins. Co. v. Boyd, supra; Yates v. State, supra. We think, under the law, that the suit was properly brought and tried in Live Oak county.

The appellant filed no motion for a new trial and cannot now be heard to complain of the action of the court in overruling the motion.

We think the evidence was sufficient to show that when appellant induced appellee to go to Dallas he was sick and had no means of making a livelihood; that he was permanently injured and would never recover so as to be able to do manual labor; that the statements made by the agents and representatives of appellant were in law false and fraudulent; and that the settlement was procured by fraud. The trial court found the facts against appellant and that the settlement was procured by fraud. International & G. N. R. Co. v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1189, 1190; Johnson v. Gulf, C. & S. F. R. Co., 36 Tex. Civ. App. 487, 81 S. W. 1197.

The evidence clearly established a permanent injury, and that the settlement was made through fraud and imposition perpetrated upon appellee, who in fact did not know that he was signing a full release of his claim.

The appellee suffered pain and anguish and spent money for medical treatment and hospital fees. All these facts were found by the trial court in favor of appellee. Appellee testified that he would not have signed the paper if he had known that it was a full release. The testimony upon the point is very full and complete.

The assignments have all been read and considered. They are without merit and are overruled.

There was ample evidence as to the nature and result of the injury to support the court's findings, and believing the case fairly tried and substantial justice done, the judgment is affirmed.

### On Motion for Rehearing.

SMITH, J.

Appellee sustained compensable injuries as an employee under the terms of the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309 as amended). Subsequently he settled his claim against appellant, the insurer, for the sum of $200 cash, which settlement was submitted to and approved by the Industrial Accident Board as fair and just.

Subsequently appellee filed a claim with the board for compensation, but the board declined to hear it, upon the ground that it had lost jurisdiction thereof.

Appellee then filed this suit in Live Oak county, in which he received the injuries complained of. He alleged that he was induced to make the compromise by the fraud of appellant's agents committed in Dallas county, prayed that that agreement be set aside, and that he have judgment for compensation as under the Compensation Act.

[■ Appellant seasonably filed its plea of privilege to be sued in Dallas county, the site of its principal office. The term of court to which the suit was returnable convened on May 25, 1931. On May 27, appellee filed his affidavit controverting appellant's plea of privilege, as well as a general demurrer thereto. Two days later, in appellant's absence and without any notice to it of the filing of the controverting plea or demurrer or proposed hearing thereof, the trial court sustained the demurrer to and overruled appel-

lant's plea of privilege, and upon an ex parte hearing of the case on its merits rendered judgment by default in favor of appellee against appellant.

Subsequently appellant, apprised of the judgment against it, filed its motion for rehearing, which the court considered, heard, and overruled.

Appellant's plea of privilege was seasonably filed, was in proper form, contained every requisite prescribed by statute to render it "sufficient" in law as a plea of privilege. Article 2007, R. S. 1925.

Under the plain, mandatory provisions of the statute, (article 2008), the court was prohibited by law from passing upon the plea except after a hearing thereon, which hearing "shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

The prescribed notice was jurisdictional, and the action of the court upon the plea in the absence of such notice was fundamental error. Cochran v. Crow (Tex. Civ. App.) 4 S.W.(2d) 1038, and authorities there cited. Upon that error the judgment must be reversed and the cause remanded to the trial court for a proper hearing upon the controversy over venue. We sustain appellant's second proposition, in which this question is presented.

It is not deemed necessary or even proper here to discuss or pass upon the merits of that controversy, but in view of a hearing de novo thereon below it seems appropriate to call the attention of the trial court to the decisions in Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565, and Benson v. Travelers' Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966.

Appellee takes the position that appellant is not entitled to urge its assignments of error, because it did not file its motion for new trial below within the time prescribed by statute. We overrule this contention.

■ In the first place, the appeal is from a default judgment rendered by the court without a jury from which appeal may be taken without an intervening motion for new trial.

■ Moreover, it was within the discretion of the trial judge to consider and act upon the motion as if filed in time. He did so, and the irregularity of delayed filing was thereby cured.

■ Again, the action of the court in hearing and determining the plea of privilege without notice to appellant as required by the statute constituted fundamental error, which this court must notice even though it is not assigned.

We deem it proper to add that in the opinion of this court appellant's fourth, sixth, and seventh propositions are also well taken, and the errors therein complained of should be avoided in event of another trial.

We do not expressly pass upon the third proposition, because we cannot say whether upon another trial the pleadings and evidence will bring the case under the decision in Lumbermen's Reciprocal Ass'n v. Henderson, supra, as apparently was done at the last trial.

Appellant's motion for rehearing will be granted, and the judgment reversed, and the cause remanded.

On Appellee's Motion for Rehearing.

In his motion for rehearing appellee earnestly and ably resists the holding of this court, on appellant's motion for rehearing, upon the question of privilege. In deference to appellee's motion we have very carefully reconsidered the question and reviewed all the authorities available thereon, but still adhere to that holding.

In most cases two elements are to be considered in determining venue, first the *nature* of the action, and second, the *facts* which fix the venue of suits of that nature in a particular county, or, as in some cases, counties.

In rare cases the *nature* of the suit alone determines venue. Such is the case in suits brought by the Attorney General to recover lands in behalf of the state, under article 5420, R. S. 1925; Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495. Under specific provision in that article those suits must be brought in Travis county, regardless of the residence of the defendants or location of the land, or of any other facts peculiar to a given case. In such suits, therefore, the question of venue is always one purely of law, to be determined from the pleadings, and never one of fact, to be determined by evidence. Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114.

■ The true rule is, as established by the overwhelming weight of authority, that the plaintiff's petition is the "best and all-sufficient evidence of the *nature* of an action" for the purpose of determining venue. For instance, the trial court may look alone to the petition to determine if the action is for divorce, or upon fraud, or to recover real estate, or for an award under the Workmen's Compensation Law, or for libel and slander, and the like. Gulf Ref. Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Thompson v. Duncan (Tex. Civ. App.) 44 S.W.(2d) 508; Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301.

■ But, on the other hand, and according to like weight of authority, the court may not look to the petition for *facts* of venue, such as the residence of parties, or if fraud was committed in the county alleged, or if real estate is in fact situated in the county alleged, or if the libel or slander was uttered in that county, or the employee seeking compensation was injured therein.

■ All such matters of fact must be proven by affirmative evidence upon a hearing of the plea of privilege, and the allegations in neither the petition nor the controverting affidavit can be considered as evidence of the truth thereof. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495; First Nat. Bank v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500; Thompson v. Duncan (Tex. Civ. App.) 44 S.W. (2d) 508; Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301; Oakland Motor Car Co. v. Jones, supra; Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Waxahachie Nat. Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Hood v. Askey (Tex. Civ. App.) 270 S. W. 1047; Caughan v. Urquhart (Tex. Civ. App.) 265 S. W. 1097; Dallas R. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Jones & Co. v. M. K. Towns Prod. Co. (Tex. Civ. App.) 283 S. W. 246; Eggameyer v. Machine & Supply Co. (Tex. Civ. App.) 299 S. W. 518; Jaffee v. Walkup (Tex. Civ. App.) 2 S.W.(2d) 480.

In this case appellee made no effort to comply with the statute or with the decisions construing same, except to file the statutory affidavit controverting appellant's plea of privilege. He also filed a demurrer to the plea. No notice of the filing of said controverting plea or demurrer was given appellant, but two days after such filing in the absence of any proof, the trial court sustained the general demurrer, overruled the plea of privilege, and tried the case on its merits—all in the absence of and without notice to appellant. Clearly, under the decisions cited, the proceeding was erroneous, for, while the trial judge could consider the allegations in appellee's petition for the purpose of determining the *nature* of the action, he could not consider those allegations, or those in the controverting affidavit, for the purpose of determining the *facts* controlling venue, such as the matters of residence of the parties, the place where appellee was injured, or that the frauds complained of were committed in the county alleged.

The record indicates that the State Industrial Accident Board has never passed upon the merits of appellee's claim for compensation, but has merely refused to set aside the settlement agreement, which it had previously approved, at the instance of appellee.

■■ This history and status of the case appear of vital importance, for it now seems to be definitely settled by the authorities in this state that until the Accident Board has exercised its jurisdiction to hear and determine the employee's claim, upon its merits, the courts cannot acquire jurisdiction thereof for that purpose; that in cases, such as this appears to be, where the employee seeks to set aside a fraudulent settlement agreement where no award has been made by the board on the merits of the claim, the courts may set aside the agreement, but the claimant in that event is relegated to the board for a hearing on the merits of the claim. Lumbermen's Recip. Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d) 565; Garsee v. Ind. Ins. Co. (Tex. Civ. App.) 47 S.W.(2d) 654; Benson v. Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966; Maryland Cas. Co. v. Meyer (Tex. Civ. App.) 41 S.W.(2d) 291.

Under the holding stated, and under the facts apparent of record, the trial court in this case would have no jurisdiction other than to determine the issue of fraud and set aside or uphold the compromise agreement, and in such case the plea of privilege must be tested by facts proven by affirmative evidence adduced by appellee upon the hearing, after notice or by agreement, as provided in article 2008. For that purpose the allegations in appellee's petition and controverting plea are of no avail. Benson v. Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966.

Appellee's motion for rehearing must be overruled.