## HALL v. BUTEREG CO., Inc.

### No. 4867.

Court of Civil Appeals of Texas. Amarillo.

Feb. 28, 1938.

R. Guy Carter and Jarrell Garonzik, both of Dallas, for plaintiff in error.

John F. Sturgeon, of Pampa, for defendant in error.

FOLLEY, Justice.

The parties shall be designated in this court as they were in the trial court. The plaintiff, the Butereg Company, Incorporated, filed this suit in the county court of Gray county, Tex., against the defendant, E. L. Hall. The plaintiff alleged its residence to be in Gray county and that the defendant resided in Dallas county, Tex. The suit was filed on May 8, 1936, the petition being addressed to the June term, 1936 of the county court.

The plaintiff sought recovery from the defendant upon advances in money made by plaintiff to the defendant in the sum of $458.48 while the defendant was in the employment of the plaintiff. Plaintiff also asked for foreclosure of a lien upon one diamond broach of the value of $100 alleged to have been pledged and delivered

to the plaintiff by the defendant as security for the debt of defendant.

The record reveals that citation was issued on the petition on May 8, 1936, citing the defendant to appear at the June term of the court which met on June 1, 1936. No service is shown to have been made on the defendant for the June term. On July 29, 1936, the defendant filed his plea of privilege to be sued in the county court at law No. 1 of Dallas county. In such plea he admits he had been served with a citation, but the record is silent as to the term of court at which he was cited to appear. His plea of privilege was regular in form and sufficient to change the venue unless properly controverted.

On August 3, 1936, the plaintiff filed its controverting affidavit to the plea of privilege. The court set a hearing for August 17, 1936. Notice of the hearing was issued on August 3, 1936. Such notice was not returned and filed until August 20, 1936. It showed it had been served upon the defendant on August 15, 1936, which was insufficient service to compel the attendance of the defendant for a hearing on August 17, 1936. Article 2008, R.C.S. of 1925. On the day set for the hearing the record shows that the defendant made no appearance and no hearing was had on the plea at such time.

The record further reveals that on October 16, 1936, judgment was rendered overruling the plea of privilege in the absence of the defendant or his attorney. This judgment recites that the defendant had been served with notice on August 15, 1936, and that the hearing had been continued until the October Term of court. On October 28, 1936, judgment was rendered for plaintiff against the defendant for its debt and foreclosure of its lien. From such judgment and from the order overruling his plea of privilege the defendant has perfected an appeal to this court.

The chief assignment of the defendant is that the trial court erred in overruling his plea of privilege at the October term, 1936, of the county court of Gray county because at such time the only jurisdiction the trial court had was to transfer the cause to Dallas county. The basis of such contention is that the term of court had expired at which the issue was joined as to venue and that such matter should have been determined at the prior term. Defendant also assigns as error the rendition of judgment upon the merits attacking the jurisdiction of the court. Naturally, if the court had no jurisdiction except to transfer the cause to Dallas county at the October term, he had no jurisdiction to render judgment on the merits; therefore, a determination of the former question will determine the latter.

Article 2013, R.C.S. of 1925 reads as follows: "Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

See, also, Rule 24 for County and District Courts.

■ It is evident from the record that the plea of privilege and the controverting affidavit were not determined at the term at which they were filed. This we know from the certificate in the transcript and from the recitation in the order overruling the plea of privilege. The certificate shows that the ·October Term began on the first Monday in October, which was October 5, 1936, and ended on October 31, 1936. The order overruling the plea of privilege recites that such hearing had been continued until the October term. No cause is shown why the hearing was continued or why the venue was not determined at the former term. That the business of the court at the former term was such that this question could not have been determined, or that such hearing was waived or continued by agreement of the parties, is not revealed by the record. Furthermore, we are not apprized by the record as to the number or length of terms of the county court of Gray county, other than the fact that the record does show that the October term comprised the whole month of October, 1936, beginning on the first Monday of that month. It also shows that there was a June term and an August term in 1936, but the length of such terms is not revealed. Since the commissioners courts of the various counties may fix the terms of the county courts, we cannot take judicial knowledge of the number or the length of terms of the county court of Gray county, but we are confined to the record for our information in this particular.

■ We think it is evident that there is an insufficient showing as to why the venue was not determined at the former term or why it was continued until the October term. Each of the parties to this appeal attempt to shift the burden on the other in

regard to the deficiency of the record in this respect.

The case of Klapuch v. Dickey, Tex.Civ. App., 91 S.W.2d 484, 487, is almost identical with the fact situation in the instant case. In that case the defendant filed his plea of privilege on October 2, 1933. Within five days the plaintiff filed a controverting plea, and the hearing set for October 19, 1933. Service was had on the defendant on October 16, 1933, but the return was not made until October 28, a date after the day set for the hearing, as in the instant case. The trial judge, on his own motion on October 30, 1933, entered an order continuing the hearing until the next term of court, stating in such order that there was insufficient time to obtain proper service on the defendant at that term of the court. He also stated that that term of the court expired on November 4, 1933, and that the cause was continued without prejudice until the March term, 1934. The plea of privilege was finally sustained and the plaintiff in that case appealed. The agreed statement of facts in that case showed the business of the court was such that the plea of privilege could have been heard any time during the term. In the instant case the record is silent on this matter. The Court of Civil Appeals at Galveston, in the Klapuch v. Dickey Case, upheld the action of the trial court in sustaining the plea of privilege. Chief Justice Pleasants, speaking for the court, in the opinion said: "We agree with the learned trial judge that these facts amply sustain, if they did not require, the trial judge to sustain defendant's general demurrer to all of appellant's controverting affidavits and decline to consider any of them, on the ground that the agreed facts show that plaintiff had not discharged the burden placed upon him by the statute to use reasonable diligence to procure a hearing on the plea of privilege at the term of court at which the plea was filed, and therefore the court was without jurisdiction to render any judgment except one sustaining the plea and transferring the cause to the county of defendant's residence. Plaintiff knew that no hearing could be had upon the plea until ten days after service of citation on the controverting affidavit. There having been no return of service on the controverting affidavit on October 19th, plaintiff could have then set the case for a later day of the term and, if necessary, have issued a new citation upon which return could have been made in ample time for a disposition of the plea at that term of the court, the business of the court being such that the plea could have been disposed of at any time prior to the ending of the term on November 4th."

We think the Klapuch v. Dickey Case is very strong authority in support of the defendant's theory of this case. The only real distinction to be made in the two cases is that in the Klapuch v. Dickey Case the record shows that the business of the court did not prevent the plaintiff from obtaining a hearing on the plea, while in the instant case no showing is made at all in this regard. The question now arises as to on whom the law places the burden of making such showing.

On the question of burden we quote from the case of American Fidelity & Casualty Co., Inc. v. Jones Transfer & Storage Co., Inc., Tex.Civ.App., 46 S.W. 2d 1054, 1055, as follows: "Under the provisions of the present statute, article 2008, as construed by the courts, the burden rests upon the plaintiff, and not upon the defendant, as under the prior statute, to procure disposition of a plea of privilege during the term at which such plea is filed, or show that the business of the court prevented its consideration at such term. The authorities seem to go further and hold, in effect, that, where the plaintiff fails to make such showing, he will be held to have waived his contest of the plea, thereby depriving the court of jurisdiction over the cause at a succeeding term, except to transfer it to the proper county."

This same question was likewise passed upon by this court in the case of Austin Bridge Co. v. Wren, 297 S.W. 654, 656, in an opinion by the present Chief Justice Jackson of this court in the following language:

"A plea of privilege must be disposed of at the first term of court after it is filed unless the business of the court prevents its consideration or the hearing is waived and a continuance had by consent of the parties. * * *

"The burden of proof was upon the plaintiff to show that the hearing set at the November term, December 14th, was waived by agreement or that the business of the court prevented its consideration at that term of court. * * *

"No testimony was offered to show that the business of the court was such as to prevent a consideration of the plea of privilege and controverting affidavit at the November term. * * * '

"The judgment is reversed and the cause remanded, with instructions that an order be entered by the trial court transferring the case to the district court of Dallas county."

In support of this proposition, see, also, White v. White, Tex.Civ.App.; 105 S.W. 2d 779; Griffin v. Linn, Tex.Civ.App., 3 S. W.2d 148; Burch Inv. Co. v. Hassen, Tex. Civ.App., 58 S.W.2d 848; Bundrant v. Woodley, Tex.Civ.App., 32 S.W.2d 664; Aldridge v. Webb et al., 92 Tex. 122, 46 S.W. 224.

From the above authorities it is our opinion that the burden is upon the plaintiff to show some sufficient reason existed which would excuse it from having the venue question determined at the term of court wherein the issue thereon was joined. In this case the plaintiff has failed to discharge this burden. We think, therefore, the trial court erred in overruling the plea of privilege of the defendant and was without authority to render a judgment on the merits.

The judgment of the trial court on the merits and the judgment overruling defendant's plea of privilege are hereby reversed and remanded, with instructions that an order be entered by the trial court transferring the case to the county court at law No. 1 of Dallas county, Tex.