**WILSON v. J. I. CASE CO.**

No. 14058.

Court of Civil Appeals of Texas.
Fort Worth.

March 22, 1940.

Rehearing Denied May 3, 1940.

Geo. M. Hopkins, of Denton, for appellant.

Smithdeal, Shook & Lefkowitz, of Dallas, for appellee.

BROWN, Justice.

Appellant Herbert B. Wilson sued appellee J. I. Case Company, a private corporation, in the Justice of the Peace Court in Denton County, the suit being filed October 14, 1938, and on October 25, 1938, the defendant filed its plea of privilege to be sued in Dallas County, where it has its domicile.

On November 1, 1938, the plaintiff filed a controverting affidavit, but no notation was made on such controverting plea (or on the docket of the Justice of the Peace) stating a time for a hearing on the plea of privilege, and no notice of such controverting plea and of a hearing thereon was ever given the defendant—all of which is expressly required by Article 2008, Rev. Civ.Statutes, unless the parties to the cause agree upon a date for such hearing.

We find in the record that on November 26, 1938, the Justice of the Peace undertook to continue the hearing on the plea and controverting affidavit until December 27, 1938, "without prejudice". No reason is given for entering such order and it does not appear that any party made application for such an order.

The Justice of the Peace, on December 27, 1938, overruled the defendant's plea of privilege and put the parties to trial on the merits, and entered judgment for the plaintiff.

The defendant appealed to the County Court of Denton County, and, when the cause was heard, the trial court sustained the defendant's plea of privilege and ordered the cause transferred to Dallas County.

From such judgment the plaintiff below has appealed.

The plaintiff, by not complying with the express provisions of Article 2008, Rev. Civ.Statutes, has waived his right to contest the defendant's plea of privilege. Hall v. Butereg Co., Tex.Civ.App., 114 S.W.2d 403; Pyle-Williams & Co. v. De Bord, Tex. Civ.App., 287 S.W. 143; Cochran v. Crow, Tex.Civ.App., 4 S.W.2d 1038; Scruggs v. Gribble, Tex.Civ.App., 41 S.W.2d 643; Commercial Standard Insurance Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933; Alpha Petroleum Co. v. Gray, Tex.Civ.App., 103 S.W.2d 1047; Panther Oil & Grease Mfg. Co. v. Crews, Tex.Civ.App., 124 S.W.2d 436.

An examination of the authorities cited will show that it has been uniformly held that the court before which the cause is to be tried must, when a controverting affidavit is filed in contest of a plea of privilege, make a notation thereon, setting a time for a hearing on such contest, within the term of court at which the plea is filed, and that notice must be served upon the defendant or his attorney, unless such notice be expressly waived, and that the contest must be heard at the term of court to which the defendant was cited to appear, unless the business of the court will not permit of such hearing, or unless the parties litigant agree upon a time for hearing the contest, with consent of the trial court.

None of these requirements were met by the plaintiff, and the record discloses that the defendant did not waive them or any of its rights under said Article 2008.

The judgment must be affirmed.