**McDANIEL v. GONZALEZ.**

No. 4058.

Court of Civil Appeals of Texas. El Paso.

Feb. 27, 1941.

618

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

W. R. Quilliam, of Hebbronville, and Bismark Pope, of Laredo, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of Webb County, from an order overruling defendant's plea of privilege. The statement of the nature and result of the suit made by the appellant, J. O. McDaniel, is concurred in by the appellee, and we shall substantially adopt same.

Appellee, Joe M. Gonzalez, instituted suit against appellant, J. O. McDaniel, in the 111th District Court of Webb County for damages allegedly resulting from a collision between the vehicle operated by appellee and a truck belonging to appellant on or about the 23rd day of November, 1937, in Webb County, Texas, the suit having been filed on November 18, 1939, citation having been issued thereon on said date, returnable to the January Term, 1940, the same commencing January 1, 1940. Citation was served on November 22, 1939, in Nueces County. On December 28, 1939, prior to the return date on the citation, appellant filed his plea of privilege to be sued in Nueces County. On January 6, 1940, appellee filed controverting affidavit to this plea. The March Term of the District Court of Webb County convened on March 4, 1940, and adjourned on May 4, 1940. On April 8, 1940, a notation was made upon the controverting affidavit by the Judge, setting a hearing upon the plea of privilege and controverting affidavit for April 26, 1940, at 9:30 A. M. Precept was issued to serve a certified copy of said controverting affidavit and endorsement thereon upon appellant or his attorney of record. The return shows same was served on April 11, 1940. On the 26th day of April, 1940, the trial court, upon hearing of the plea of privilege and the controverting affidavit, entered an order overruling same.

Appellant's position is that the plea of privilege was not disposed of during the term at which same was filed, and no reason appearing of record for such failure, that the court erred in overruling the plea at a subsequent term.

In support of the assignment, Article 2008, Vernon's Annotated Civil Statutes, is cited. In short, the position is, by failing to comply with the express provisions of Article 2008, Revised Civil Statutes, appellee waived his right to contest the appellant's plea of privilege. This position is sustained by a number of authorities, among which are Wilson v. J. I. Case Co., Tex.Civ.App., 139 S.W.2d 611; Alpha Petroleum Co. v. Gray, Tex.Civ. App., 103 S.W.2d 1047; Panther Oil & Grease Mfg. Co. v. Crews, Tex.Civ.App., 124 S.W.2d 436; Humphrey v. Mirike, Tex.Civ.App., 134 S.W.2d 749; American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W.2d 1054; Hall v. Butereg Co., Inc., Tex.Civ. App., 114 S.W.2d 403; Klapuch v. Dickey,

Tex.Civ.App., 91 S.W.2d 484; and White v. White, Tex.Civ.App., 105 S.W.2d 779, 780.

Appellee, on the other hand claims that appellant waived his right to have the court transfer the case to Nueces County by appearing and participating in the hearing on the plea held on the 26th day of April, 1940. The facts in this respect reflect the following: Prior to the time the court acted on the plea of privilege and contest, the appellant filed no written protest against the court proceeding with the hearing on the plea of privilege and contest; there was no motion to strike the controverting affidavit on account of no hearing having been held as prescribed by said Article 2008; no sworn plea to the jurisdiction of the court to pass on the matter. When the time for hearing prescribed by the court by notation on the plea arrived, counsel for the appellant stated that he objected and excepted to the court holding any hearing in the matter or taking any action other than entering a transfer and an order transferring the cause to Nueces County, stating it was his position that the court had no jurisdiction for any other purpose than to sustain the plea. The court then stated that he was going to overrule the contention of counsel for appellant and hear the pleadings and the evidence in order to determine whether or not the plea of privilege should be sustained.

Whether appellant read his plea to the court does not appear. But the court heard the evidence on the plea and the contest, one witness (the appellee) testifying that counsel for appellant asked him one question on cross-examination.

Now, it is, we think, possible for a defendant, by appearing at a term subsequent to which a plea of privilege should have been disposed of and participating in the hearing without protest, to waive the right to have the cause heard. Griffin v. Linn, Tex.Civ.App., 3 S.W.2d 148; American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., supra.

However, we do not believe that it was necessary to have presented a formal written motion to question the jurisdiction of the court in this respect. Counsel's verbal protest called the attention of counsel for appellee and the court to the apparent lack of jurisdiction to hear the contest. Had there been an agreement continuing the plea, it would have afforded an opportunity to have called attention to this; had

the business of the court prevented the hearing of the plea at the former term, this would have been available. Nothing of the sort appears in this record.

In our opinion, counsel for the defendant, yielding to the almost irresistible impulse to ask appellant if he was not on the wrong side of the road at the time the accident occurred, is insufficient to constitute a waiver of the right to have this case transferred to Nueces County, especially in view of the fact that counsel had theretofore protested orally against the court hearing the contest of his plea.

It is ordered that the case be reversed and remanded with instructions to change the venue to Nueces County.