**Wallace L. LUERSEN, Appellant,**

v.

**TRANSAMERICA INUSRANCE COMPANY, Appellee.**

**No. 12561.**

Court of Civil Appeals of Texas, Austin.

April 27, 1977.

Rehearing Denied May 11, 1977.

Bob Roberts, Byrd, Davis, Eisenberg & Clark, Austin, for appellant.

Wayne H. Prescott, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a summary judgment in favor of the workmen's compensation carrier in a suit to set aside a compromise settlement agreement. We will affirm the judgment.

The facts were stipulated. Wallace L. Luersen, appellant, was injured on the job in August, 1970. His major injury was a fracture of the left femur. Luersen, represented by counsel, filed a claim for compensation.

In January, 1972, Luersen and the compensation carrier entered into a compromise settlement agreement for $5,205.00. The compromise settlement agreement was approved by the Industrial Accident Board in February, 1972. In entering into the settlement Luersen did not rely upon representations from the compensation carrier, but instead relied upon representations made by his physician and by other persons whose opinions Luersen sought and respected. The compensation carrier paid Luersen all sums which were due under the settlement.

Later that year, in October, 1972, Luersen contracted asceptic necrosis as a result of the fracture. Asceptic necrosis is a major complication of fractures, and results from loss of blood supply to the affected bone. I *Gray's Attorney's Textbook of Medicine,* § 2.48 (3rd Ed. 1972). The parties stipulated that the development of asceptic necrosis represented a material change in Luersen's physical condition.

The parties stipulated further that the compensation carrier practiced no fraud upon the workman. No claim was made that additional compensation should be paid to Luersen because of any accident or mistake.

In its motion for summary judgment the compensation carrier averred that the record conclusively demonstrated that there had been no fraud committed by it, and that there had been no mistake which would warrant the setting aside of the compromise settlement agreement. The carrier alleged further that, although Luersen suffered a material change of condition, such a change of condition, as a matter of law, was not a basis for setting aside the settlement agreement.

The district court made plain the basis for the entry of judgment. In that respect the judgment provides: "In particular, the court finds that even though the plaintiff [Luersen] may have suffered a material change of condition, that as a matter of law this is not sufficient reason or justification for setting aside the Compromise Settlement Agreement made the basis of this suit."

Texas Rev.Civ.Stat.Ann. Art. 8307, § 12 (1967), provides that in the event the liability of the carrier or the extent of injury of

the workman is uncertain, indefinite or incapable of being satisfactorily established, the Industrial Accident Board may approve any compromise, adjustment, settlement, or commutation made between the carrier and the workman.

As stipulated, the parties entered into a compromise settlement agreement and pursuant to Art. 8307, § 12, the Industrial Accident Board approved that settlement in February, 1972. At the time of the settlement, and its approval by the Board, the medical reports attached to the stipulations reflected that Luersen's fracture was healing normally and that his disability would be minimal.

After the commencement of asceptic necrosis, Luersen returned to the Industrial Accident Board and sought to set aside the approval by the Board of the compromise settlement agreement. The stated authority for Luersen's effort is Tex.Rev.Civ.Stat. Ann. Art. 8306, § 12d (1967). After the entry of an adverse order by the Board, Luersen filed suit in district court.

The relevant provisions of Art. 8306, § 12d, are as follows:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award."

Luersen's argument is that Art. 8306, § 12d permits the Board and the courts to set aside a compromise settlement agreement if the workman can show mistake or fraud, or more to the point, *a change of condition.*

■ Contrary to Luersen's position, Art. 8306, § 12d does not pertain to the matter of setting aside compromise settlement agreements or orders by the Board approving compromise settlement agreements. The only powers conferred upon the Board by Art. 8306, § 12d are to review awards of compensation previously made and to change or revoke previous orders denying compensation. The Board's approval of a compromise settlement agreement is *not* an award of compensation or an award denying compensation. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466 (1949); *Commercial Casualty Ins. Co. v. Hilton,* 126 Tex. 497, 87 S.W.2d 1081 (1935); *Lumbermen's Reciprocal Association v. Day,* 17 S.W.2d 1043 (Tex.Com.App.1929, jdgmt. adopted).

■ The Industrial Accident Board has no authority to set aside, *on any ground,* a compromise settlement agreement or its order approving the compromise settlement agreement. Stated another way, there is nothing in the Workmen's Compensation Law which authorizes the avoidance of a compromise settlement agreement by the Board. *Brannon v. Pacific Employers Ins. Co., supra* ; *Commercial Casualty Ins. Co. v. Hilton, supra.*

■ The power of the courts to set aside a compromise settlement agreement for fraud or mistake stems not from the Workmen's Compensation Law but instead from the Constitution and general statutes defining the courts' jurisdiction. Whenever a party to a compromise settlement agreement claims to have been induced to execute the agreement through fraud or mistake, the court is the only forum to which he may resort. See *Brannon v. Pacific Employers Ins. Co., supra; Commercial Casualty Ins. Co. v. Hilton, supra; Lumbermen's Reciprocal Association v. Day, supra.* There is no authority warranting the courts to set aside a compromise settlement agreement upon the basis of a "material change of condition." *Lumbermen's Reciprocal Association v. Day, supra.*

The judgment is affirmed.