

## THE ATTORNEY GENERAL
## OF TEXAS

July 25, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Joseph C. Gagen
Chairman
Texas Industrial Accident
   Board
200 East Riverside
Austin, Texas   78704

Opinion No.   JM-931

Re: Authority of the Industrial
Accident  Board  to  approve  a
settlement agreement that would
terminate liability for  future
medical expenses   (RQ-1353)

Dear Mr. Gagen:

You ask:

> Does  the  authority  of  the   Industrial
> Accident Board over medical expenses incurred
> after a final award, judgment, or settlement,
> extend  to  approving  compromise  settlement
> agreements that would terminate all liability
> for future medical expenses?

The Industrial Accident Board  (the "board") is an  adminis-
trative body created  by statute and  possessing only  those
powers conferred  on  it by  statute.   <u>Commercial  Casualty
Insurance  Co.  v.  Hilton</u>,  87   S.W.2d  1081  (Tex.    1935).
V.T.C.S. art. 8307, § 1.

We  believe  that  the  determination  of  the  board's
authority  to  approve  a  compromise  settlement  agreement
subsequent to a final award of the board or a judgment of  a
court is  governed by  different statutory  provisions  than
those apposite to the determination of the board's authority
to approve compromise settlement agreements subsequent to an
original compromise settlement agreement.  We will therefore
treat these two elements of your question separately.

> AUTHORITY  OF  BOARD  TO  APPROVE  COMPROMISE
> SETTLEMENT AGREEMENT REGARDING FUTURE MEDICAL
> EXPENSES SUBSEQUENT TO  FINAL AWARD OF  BOARD
> OR JUDGMENT OF COURT.

Attorney General Opinion JM-361  (1985) dealt with  the
question of whether the board  may approve, while a case  is

pending before the board, a compromise settlement agreement which terminates liability for future medical expenses, if the carrier had admitted liability and the injury was one conclusively held to be total and permanent pursuant to article 8306, section 11a, V.T.C.S.

Noting that section 12 of article 8307, V.T.C.S., authorized the board to approve a compromise settlement agreement "[w]here the liability of the association or the extent of the injury is uncertain," JM-361 concluded that where the carrier had admitted liability and where the injury was one for which as a matter of law incapacity was total and permanent, there was no "uncertainty" as to liability or extent of injury within the meaning of section 12. The opinion ruled that uncertainty as to amounts of future medical expenses was not "uncertainty" within the meaning of section 12 such that the board would be authorized to approve a compromise settlement agreement regarding only future medical expenses, where liability and extent of injury had been established.

In our opinion, it follows from the ruling in JM-361 that the board has no authority to approve a compromise settlement agreement that would terminate liability for future medical expenses after a final award of the board or a judgment of a court, because the proceedings of the board or a court in rendering a final award or judgment would necessarily have determined "liability" and "extent of injury" such that there would be no remaining "uncertainty" within the meaning of section 12 which would authorize the board to approve a compromise settlement agreement regarding future medical expenses. That a final award by the board or a judgment of a court[1] would have resolved uncertainty as to liability or extent of injury is apparent from a reading of pertinent parts of section 5 of article 8307:

> All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty

---

1. Of course, an award or judgment is not final until all appellate remedies have been exhausted.

> (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. . . . <u>Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law</u>. (Emphasis added.)

The liability of the association and the extent of the injury are the two key issues to be determined by the board or by a court in a worker's compensation case. We find no provision of law relieving the board or a court from the duty to determine liability and extent of injury in rendering a final award or judgment. Once liability and extent of injury are finally determined by the board or by a court, there would remain no uncertainty as to the liability or extent of injury that would authorize the board under section 12 to approve a subsequent compromise settlement agreement regarding future medical expenses.

Moreover, section 5 makes the only specific provision for the board's handling of medical expense claims after a final award by the board or a judgment of a court.

> Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law, shall include in such award or judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or

judgment.  The first such final award or judgment rendered on such claim shall be  res judicata of the liability of the  association for all such cost or expense which could have been claimed up to the date of said award  or judgment and of the issue that the injury  of said employee is subject to the provisions of this law  with  respect to  such  items,  but shall not be res  judicata of the  obligation of the association to furnish or pay for  any such items after  the date of  said award  or judgment.  <u>After the  first such final award or judgment, the Board shall have  continuing jurisdiction  in  the  same  case  to  render successive awards to determine the  liability of the association for the cost or expense of any such  items  actually  furnished  to  and received by said employee  not more than  six (6) months  prior to  the date  of each  such successive award, until the association shall have fully  discharged its  obligation  under this law  to furnish  all such  medical  aid, hospital  services,  nursing,  chiropractic services, medicines or prosthetic  appliances to  which  said  employee  may  be  entitled;</u> provided, each such  successive award of  the Board shall be subject to a suit to set aside said  award  by  a  court  of  competent jurisdiction, in the same manner as  provided in the case of  other awards under this  law. (Emphasis added.)

The board possesses  only those  powers conferred  on it  by statute.  We have found no provisions authorizing the  board to approve compromise settlements subsequent to board awards or court judgments, or to take other action regarding future medical expenses.  Section 5 provides a procedure the  board may utilize  for  the  disposition  of  claims  for  medical expenses incurred  subsequent  to  a  board  award  or  court judgment.

AUTHORITY OF THE BOARD TO APPROVE  COMPROMISE SETTLEMENT  AGREEMENTS  REGARDING  FUTURE MEDICAL EXPENSES  SUBSEQUENT TO  AN  ORIGINAL COMPROMISE SETTLEMENT AGREEMENT.

We note at the  outset that we  have found no  reported cases dealing with  a compromise  settlement agreement  made subsequent to an  original compromise settlement  agreement. Many courts  have stated  that once  an original  compromise

settlement agreement is approved by the board, the agreement is binding on the parties until the original settlement agreement is lawfully set aside by a court. <u>See, e.g.</u>, <u>Luersen v. Transamerica Insurance Co.</u>, 550 S.W.2d 171 (Tex. Civ. App. - Austin 1977, writ ref'd n.r.e.); <u>Pearce v. Texas Employers Insurance Association</u>, 403 S.W.2d 493 (Tex. Civ. App. - Dallas 1966, writ ref'd n.r.e.), <u>reh'g denied</u>, 412 S.W.2d 647 (Tex. 1967), and the authorities cited therein.

In this vein, section 12b of article 8307, V.T.C.S., now specifically provides that the board "shall have no jurisdiction to rescind or set aside any compromise settlement agreement approved by the board or any agreed judgment approved by the court." Acts 1983, 68th Leg., ch. 501, section 1.

Section 12b now also provides a specific procedure for the board's resolving disputes as to medical expenses arising pursuant to compromise settlement agreements approved by the board or agreed judgments approved by the court:

> Whenever in any compromise settlement agreement approved by the board or in any agreed judgment approved by the court, any dispute arises concerning the payment of medical, hospital, nursing, chiropractic or podiatry services or aids or treatment, or for medicines or prosthetic appliances for the injured employee as provided in Section 7, Article 8306, Revised Statutes, as amended, or as provided in such compromise settlement agreements or agreed judgments, all such disputes concerning the payment thereof shall be first presented by any party to the Industrial Accident Board within six months from the time such dispute has arisen (except where 'good cause' is shown for any delay) for the board's determination. . . .

It is our opinion that approval of a compromise settlement agreement regarding medical expenses subsequent to an original approved compromise settlement agreement would necessarily have the effect of rescinding or setting aside, at least to some extent, the original compromise settlement agreement and would thus be barred by section 12b. Section 12b provides a procedure for the board's dealing with questions of medical expenses pursuant to a compromise settlement agreement or agreed judgment approved by a court.

## S U M M A R Y

     After a final  award of  the board,  court judgment, or compromise settlement  agreement which has not  been lawfully  set aside,  the Industrial Accident Board has no authority to approve a compromise settlement agreement  to terminate liability  for  future  medical expenses.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General