Mr. Joseph C. Gagen Chairman Texas Industrial Accident Board 200 East Riverside Austin, Texas 78704
Re: Authority of the Industrial Accident Board to approve a settlement agreement that would terminate liability for future medical expenses (RQ-1353)
Dear Mr. Gagen:
You ask:
 Does the authority of the Industrial Accident Board over medical expenses incurred after a final award, judgment, or settlement, extend to approving compromise settlement agreements that would terminate all liability for future medical expenses?
The Industrial Accident Board (the "board") is an administrative body created by statute and possessing only those powers conferred on it by statute. Commercial Casualty Insurance Co. v. Hilton, 87 S.W.2d 1081 (Tex. 1935). V.T.C.S. art. 8307, § 1.
We believe that the determination of the board's authority to approve a compromise settlement agreement subsequent to a final award of the board or a judgment of a court is governed by different statutory provisions than those apposite to the determination of the board's authority to approve compromise settlement agreement subsequent to an original compromise settlement agreement. We will therefore treat these two elements of your question separately.
 AUTHORITY OF BOARD TO APPROVE COMPROMISE SETTLEMENT AGREEMENT REGARDING FUTURE MEDICAL EXPENSES SUBSEQUENT TO FINAL AWARD OF BOARD OR JUDGMENT OF COURT.
Attorney General Opinion JM-361 (1985) dealt with the question of whether the board may approve, while a case is pending before the board, a compromise settlement agreement which terminates liability for future medical expenses, if the carrier had admitted liability and the injury was one conclusively held to be total and permanent pursuant to article 8306, section 11a, V.T.C.S.
Noting that section 12 of article 8307, V.T.C.S., authorized the board to approve a compromise settlement agreement "[w]here the liability of the association or the extent of the injury is uncertain," JM-361 concluded that where the carrier had admitted liability and where the injury was one for which as a matter of law incapacity was total and permanent, there was no "uncertainty" as to liability or extent of injury within the meaning of section 12. The opinion ruled that uncertainty as to amounts of future medical expenses was not "uncertainty" within the meaning of section 12 such that the board would be authorized to approve a compromise settlement agreement regarding only future medical expenses, where liability and extent of injury had been established.
In our opinion, it follows from the ruling in JM-361 that the board has no authority to approve a compromise settlement agreement that would terminate liability for future medical expenses after a final award of the board or a judgment of a court, because the proceedings of the board or a court in rendering a final award or judgment would necessarily have determined "liability" and "extent of injury" such that there would be no remaining "uncertainty" within the meaning of section 12 which would authorize the board to approve a compromise settlement agreement regarding future medical expenses. That a final award by the board or a judgment of a court[1] would have resolved uncertainty as to liability or extent of injury is apparent from a reading of pertinent parts of section 5 of article 8307:
 All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. . . . Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law. (Emphasis added.)
The liability of the association and the extent of the injury are the two key issues to be determined by the board or by a court in a worker's compensation case. We find no provision of law relieving the board or a court from the duty to determine liability and extent of injury in rendering a final award or judgment. Once liability and extent of injury are finally determined by the board or by a court, there would remain no uncertainty as to the liability or extent of injury that would authorize the board under section 12 to approve a subsequent compromise settlement agreement regarding future medical expenses.
Moreover, section 5 makes the only specific provision for the board's handling of medical expense claims after a final award by the board or a judgment of a court.
Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law, shall include in such award or judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment. The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment. After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled; provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law. (Emphasis added.)
The board possesses only those powers conferred on it by statute. We have found no provisions authorizing the board to approve compromise settlements subsequent to board awards or court judgments, or to take other action regarding future medical expenses. Section 5 provides a procedure the board may utilize for the disposition of claims for medical expenses incurred subsequent to a board award or court judgment.
 AUTHORITY OF THE BOARD TO APPROVE COMPROMISE SETTLEMENT AGREEMENTS REGARDING FUTURE MEDICAL EXPENSES SUBSEQUENT TO AN ORIGINAL COMPROMISE SETTLEMENT AGREEMENT.
We note at the outset that we have found no reported cases dealing with a compromise settlement agreement made subsequent to an original compromise settlement agreement. Many courts have stated that once an original compromise settlement agreement is approved by the board, the agreement is binding on the parties until the original settlement agreement is lawfully set aside by a court. See, e.g., Luersen v. Transamerica Insurance Co.,550 S.W.2d 171 (Tex.Civ.App.-Austin 1977, writ ref'd n.r.e.); Pearce v. Texas Employers Insurance Association, 403 S.W.2d 493
(Tex.Civ.App.-Dallas 1966, writ ref'd n.r.e.), reh'g denied,412 S.W.2d 647 (Tex. 1967), and the authorities cited therein.
In this vein, section 12b of article 8307, V.T.C.S., now specifically provides that the board "shall have no jurisdiction to rescind or set aside any compromise settlement agreement approved by the board or any agreed judgment approved by the court." Acts 1983, 68th Leg., ch. 501, section 1.
Section 12b now also provides a specific procedure for the board's resolving disputes as to medical expenses arising pursuant to compromise settlement agreements approved by the board or agreed judgments approved by the court:
 Whenever in any compromise settlement agreement approved by the board or in any agreed judgment approved by the court, any dispute arises concerning the payment of medical, hospital, nursing, chiropractic or podiatry services or aids or treatment, or for medicines or prosthetic appliances for the injured employee as provided in Section 7, Article 8306, Revised Statutes, as amended, or as provided in such compromise settlement agreements or agreed judgments, all such disputes concerning the payment thereof shall be first presented by any party to the Industrial Accident Board within six months from the time such dispute has arisen (except where `good cause' is shown for any delay) for the board's determination. . . .
It is our opinion that approval of a compromise settlement agreement regarding medical expenses subsequent to an original approved compromise settlement agreement would necessarily have the effect of rescinding or setting aside, at least to some extent, the original compromise settlement agreement and would thus be barred by section 12b. Section 12b provides a procedure for the board's dealing with questions of medical expenses pursuant to a compromise settlement agreement or agreed judgment approved by a court.
 SUMMARY
After a final award of the board, court judgment, or compromise settlement agreement which has not been lawfully set aside, the Industrial Accident Board has no authority to approve a compromise settlement agreement to terminate liability for future medical expenses.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] Of course, an award or judgment is not final until all appellate remedies have been exhausted.